# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

RICHARD AVENIDA,          )       1:11-cv-02043  GSA PC
                              )
             Plaintiff,     )       ORDER DISMISSING COMPLAINT
                              )       WITH LEAVE TO FILE AMENDED
       v.                )       COMPLAINT
                              )
G. ADAME, et al.,          )       AMENDED COMPLAINT DUE
                              )       IN THIRTY DAYS
             Defendants.   )
_____)

## Screening Order

### I.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CCI Tehachapi, brings this civil rights action against officials employed by the CDCR at CCI Tehachapi. Plaintiff claims that he was improperly validated as a member of a prison gang. Plaintiff names the following individual defendants: G. Adame, Assistant Institutional Gang Investigator; J. Tyree, Gang Investigation Sergeant; M. Buechner, Special Agent for the Office of Correctional Safety (OCS); D. Jakabosky, OCS Special Agent; Lieutenant E. Noyce, Institutional Gang Investigator.

Plaintiff alleges that on February 10, 2010, Defendant Adame presented Plaintiff with a copy of a validation package that he prepared, indicating that Plaintiff should be validated as a member of a prison gang. On March 7, 2010, Defendant Tyree submitted a validation package to OCS for approval. On March 10, 2010, Defendants Jakabosky and Buechner approved the validation of Plaintiff. On May 31, 2011, Defendant Noyce denied an inmate grievance submitted by Plaintiff, challenging his validation. Plaintiff alleges that in validating Plaintiff, Defendants have failed to meet the "some evidence" standard. Plaintiff alleges that he is being held in the Security Housing Unit based on "false, insufficient and unreliable evidence," and as a result, has lost good time credits because of his wrongful validation.

A.      **Validation**

California's decision to classify gang members for placement in SHU is not a disciplinary measure, but is designed to preserve order in the institution and protect inmates and is a matter of administrative discretion. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1287 (9th Cir. 2003).   Therefore, the decision to place an inmate on indeterminate SHUstatus based on gang affiliation must be supported by "some evidence."  <u>Id</u>.  The evidence relied on must have some indicia of reliability. <u>Toussaint v. McCarthy</u>, 926 F.2d 800, 803 (9th Cir. 1990).

Under the "some evidence" standard "the relevant question is whether there is any evidence in the record to support the conclusion." <u>Bruce</u>, 351 F.3d at 1287 (quoting <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-56 (1985)).  The "some evidence" standard sets a low bar consistent with the recognition that the assignment of inmates within the prison system is "essentially a matter of administrative discretion." <u>Bruce</u>, 351 F.3d at 1287.  A single piece of evidence that has sufficient indicia of reliability can be sufficient to meet the "some evidence" standard. <u>Id.</u> at 1288.  Federal law does not require that the evidence relied upon, the Court is not to substitute its judgment on matters such as this for the determinations of those charged with the formidable task of running a prison, <u>Zimmerlee v. Keeney</u>, 831 F.3d 183, 186 (9th Cir. 1987).

Although Plaintiff is unclear regarding what particular evidence he is challenging, his exhibits refer to a roster of gang members that included Plaintiff's name.  Plaintiff attaches as exhibits to his complaint copies of his inmate grievance challenging his validation, along with the responses.[1]  Plaintiff's exhibits indicate that he was validated as a member of the Mexican Mafia, or EME.  In his grievance, Plaintiff argues that he was not present when the roster was discovered, and at the time the roster was discovered, he was no longer housed at that facility.

Plaintiff includes the response to his grievance at the Second Level.  Plaintiff's specific challenge to his validation was that "source items 1, 2, and 3 are illegal roster lists.  The

---

[1]  **Error! Main Document Only.**The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  <u>See Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002); <u>Steckman v. Hart Brewing</u>, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

Appellant also states his validation is a punitive measure and that the Appellant did not receive adequate due process.  The Appellant continues by contesting the use of the source items used in the Appellant's validation process."   The response indicates that Plaintiff 's written rebuttal to the source items used in the validation was submitted with the validation package.

Plaintiff does not allege any facts that suggest he was not given the opportunity to challenge the validity of the evidence used to validate him.   Even the use of hearsay evidence is not precluded in prison disciplinary hearings and hearsay evidence serves a useful purpose in the proceedings.  <u>Madrid v. Gomez</u>, 889 F.Supp.1146, 1277 (N.D. Cal. 1995).  The source documents indicate that Plaintiff was on a roster of prison gang members.  This evidence alone is sufficient to meet the "some evidence" standard.   While Plaintiff concludes that the evidence  is false, the Court is not to substitute its judgment for the determinations of those charged with the task of running the prison.  <u>Zimmerlee</u>, 831 F.3d at 186.   The Court finds that there was "some evidence" of Plaintiff's involvement in gang activity, and Plaintiff has failed to state a cognizable claim based on the evidence used to classify him as a gang associate.  The complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### III.   <u>Conclusion and Order</u>

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Specifically, Plaintiff has not alleged any facts indicating that he was not afforded due process.    The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he

may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.   The Clerk's Office shall send to Plaintiff a complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.   Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.   If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

   Dated:   **April 17, 2013**                            **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE